OPINION
Defendant-appellant, Clifford R. Estep, appeals the decision of the Paulding County Court of Common Pleas adjudicating him to be a sexual predator pursuant to the provisions of R.C. Chapter 2950. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history are as follows. On or about the month of August, 1991, Estep engaged in sexual conduct with Wesley Bell, an eleven year old male. Estep admitted that he laid on top of the victim and inserted his penis in the boy's anus. Estep also admitted to putting his hand in the juvenile's pants and touching his penis on Christmas Eve, 1991.
In January 1992, Estep was indicted by the Paulding County Grand Jury on one count of rape, in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). At the arraignment hearing, Estep entered not guilty pleas to both counts, and the court ordered a competency evaluation of the defendant.
On February 7, 1992, the Court Diagnostic and Treatment Center in Toledo, Ohio, found the defendant competent to stand trial. On April 1, 1992, the appellant tendered a plea of guilty (Alford) to the offense of rape. The second count was dismissed pursuant to motion of the state. The trial court accepted the appellant's guilty plea and sentenced him to a term of imprisonment for a period of not less than eight years nor more than twenty-five years.
On April 16, 2001, the trial court ordered a sexual predator classification hearing to be held on June 28, 2001. At the conclusion of the hearing, the trial court found the appellant to be a sexual predator pursuant to the criteria set forth in R.C. Chapter 2950. The trial court's decision was journalized on July 13, 2001.
The appellant now appeals asserting two assignments of error for our review. Because the appellant's assignments of error are interrelated, we will address them simultaneously.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the prejudice of the defendant in overruling the defendant's motion for the appointment of an independent psychiatrist.
 ASSIGNMENT OF ERROR NO. II The trial court erred to the prejudice of the defendant in finding the defendant to be a sexual predator as defined in Ohio Revised Code Section 2950.09.
R.C. 2950.01(E) defines the term "sexual predator" as follows:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when determining an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(3) states that after reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that the appellant is a sexual predator. The standard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.[1]
In the case before us, it is undisputed that the appellant pleaded guilty to and was convicted of one count of rape. The offense of rape qualifies as a "sexually oriented offense" under R.C. 2950.01(D)(1). Therefore, the critical issue in the appellant's sexual predator hearing was whether he was "likely to engage in the future in one or more sexually oriented offenses."
At the sexual predator hearing, the appellant orally moved the court to appoint an independent psychiatrist in order to determine the appellant's inclination to commit future sexual offenses. The procedural requirements for sexual offender classification hearings are set forth in R.C. 2950.09(B)(1), which provides, in part:
 At the hearing, the offender and prosecutor shall have an opportunity to testify, present, evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.
The trial court denied the motion citing, as grounds for its decision, the recent Ohio Supreme Court case State v. Eppinger.[2]
In Eppinger, the Court held as follows:
 [A]n expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E).[3]
In the case sub judice, the transcript of the sexual offender transcript hearing reveals that the trial court denied the motion for appointment of an expert, stating that "in my review of the documents and the materials that are already available to the court, I don't believe that an evaluation is necessary." The court then proceeded with the hearing.
The appellant asserts that because he has been convicted of only one sexual offense, the trial court's finding that he is a sexual predator must be reversed. The appellant notes that the Ohio Supreme Court inEppinger stated that "a person who has been convicted of or who has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses."[4] The Court went on to state that "[o]ne sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile."[5]
The appointment of an expert for an indigent offender to determine his likelihood of recidivism is not mandatory at a classification hearing even many years after the offense occurs.[6] Furthermore, this court has held that whether the trial court should have appointed an expert will be reviewed on a case-by-case basis notwithstanding the period of time elapsed from the original conviction to the classification hearing.[7] If enough independent information is available to the court to consider during the classification hearing using the criteria set forth in R.C. 2950.09(B)(2), the appointment of an expert to determine the likelihood of recidivism may not be necessary.[8]
The trial court reviewed all of the testimony, other evidence, and the factors set forth in R.C. 2950.09(B)(2) in reaching its determination that the appellant was likely to engage in the future in one or more sexually oriented offenses. The trial court took the defendant's number of convictions — namely, one — into consideration. The court also considered the respective ages of the defendant and the victim. The victim was ten or eleven years old when the defendant, a man of twenty-eight or twenty-nine years, raped him. The Presentence Investigation Report indicated that the appellant admitted to at least two sexually oriented offenses with the same child. The victim alleged at least ten separate occasions of sexual interaction with the appellant.
In his favor, the court found that the appellant had no prior criminal record, did not use drugs to impair the victim, and that he did not display any cruelty or threats of cruelty during the commission of the sexually oriented offense. The appellant also presented evidence that he received all eights (out of a possible ten) on his Inmate Evaluation Report which reflects attitude, initiative, attendance at classes, and dependability, among other factors. The defendant also has completed the first level, of three, of a sexual offender rehabilitation program.
After taking all of the evidence in consideration, the court took notice of the fact that pedophiles "are probably the most difficult sex offenders to treat and are most likely to recidivate." QuotingEppinger, the trial court stated that "[a]n offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism."[9]
In this case, Estep fits several criteria that demonstrate an indicia of recidivism. Obviously, there is a strong indication that he is a pedophile as his victim was only eleven years old and was subjected to several incidents of sexual contact and conduct. While we believe it is better practice to appoint an independent psychiatrist, the trial court had enough information, particularly considering the age of the victim, to determine whether the appellant was likely to reoffend and to decide that it was not reasonably necessary to appoint an expert within the parameter of Eppinger.
In conclusion, based upon our review of the record and the relevant factors contained in R.C. 2950.09(B)(2), we find that the trial court had adequate evidence before it from which to determine by clear and convincing evidence that the appellant is a sexual predator. Consequently, we also find that the trial court acted within its sound discretion in denying the defendant's motion for an independent psychiatrist.
Accordingly, the appellant's assignments of error are overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
[2] (2001), 91 Ohio St.3d 158.
[3] Id. at 162.
[4] Id.
[5] Id.
[6] Id.
[7] State v. Williams (Nov. 14, 2001), Defiance App. No. 4-01-19, unreported; State v. Dennis (Dec. 7, 2000), Logan App. No. 8-2000-02, unreported.
[8] Eppinger, 91 Ohio St.3d at 162.
[9] Id.